UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TIESEAN SHANTAL HATCHETT,

        Plaintiff,

v.

BRADLEY LYONS et al.,

        Defendants.
_____/

Case No. 1:25-cv-979

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought under 42 U.S.C. § 1983 by an inmate of the Kent County Correctional Facility.[1] In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

---

[1] This action was originally filed by two inmate plaintiffs. (Compl., ECF No. 1.) On August 26, 2025, the Court entered an order (ECF No. 4) severing the claims of the inmate plaintiffs into two actions, with Plaintiff Tiesean proceeding under the existing case number. The Court further ordered that Plaintiff file an amended complaint within 28 days. (*Id.*) This matter is now before the Court on Plaintiff's timely filed amended complaint (ECF No. 5).

**Discussion**

## I. Factual Allegations

Plaintiff is presently incarcerated in the Kent County Correctional Facility, located in Grand Rapids, Kent County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Kent County Sheriff's Office Captain Bradley Lyons, Paralegal Vimi Sharma, and Attorney Herman Hofman. (Am. Compl., ECF No. 5, PageID.17.)

Plaintiff alleged that Defendant Lyons disclosed a "document" containing the name of one of Plaintiff's visitors, Plaintiff's then-girlfriend, to his defense attorney, Defendant Hofman. (*Id.*, PageID.18.) Defendant Hofman then "ordered" Defendant Sharma, a paralegal, to disclose the name to "correctional." (*Id.*) Plaintiff alleges that the "disclosure" led non-party Inmate Henderson to contact Plaintiff's girlfriend. (*Id.*) Plaintiff's girlfriend eventually terminated her relationship with Plaintiff and formed a relationship with Inmate Henderson. (*Id.*)

Plaintiff also complains that "multiple sergeants staged a shakedown" to seize evidence, preventing the evidence from being "presented to the courts." (*Id.*)

Plaintiff brings claims for violation of his Fourth, Eighth, and Fourteenth Amendment rights, as well as his rights under Article II, Sections Eleven, Sixteen, and Seventeen of the Michigan Constitution. (*Id.*) As relief for the events described in Plaintiff's amended complaint, Plaintiff seeks monetary damages. (*Id.*, PageID.19.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Hofman and Sharma

Plaintiff seeks to bring claims under § 1983 against Defendants Attorney Hofman and Paralegal Sharma. However, a claim under § 1983 may be brought only against a person acting under color of law. *West*, 487 U.S. at 48. Defense attorneys and their staff performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject

3

to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *Corley v. Vance*, 365 F. Supp. 3d 407, 460 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020) (holding that appointed defense counsel and investigator "were not state actors, as required under § 1983"); *Cook v. Cnty. of Fresno*, No. 1:18-cv-01347, 2018 WL 6044922 at *3 (E.D. Cal. Nov. 19, 2018) ("[P]ublicly appointed investigators and paralegals do not act under 'color of state law' within the meaning of section 1983."). Consequently, Plaintiff has failed to state a claim under § 1983 against Defendants Hofman and Sharma upon which relief may be granted, and the Court will dismiss Plaintiff's complaint against them.

### B.    Defendant Bradley Lyons

Plaintiff brings claims against Defendant Lyons for disclosing the name of Plaintiff's girlfriend to Defendant Hofman. He alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights.

#### 1.    Fourth Amendment Claims

Plaintiff alleges that Defendant Lyons violated Kent County Sheriff's Office policy by disclosing the name of Plaintiff's visitor to Defendant Hofman. (Am. Compl., ECF No. 5, PageID.18.) However, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of state law or Sheriff's Office policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's allegation that Defendant Lyons failed to comply with Kent County Sheriff's Office policy in disclosing the name of Plaintiff's visitor does not state a Fourth Amendment claim.

Moreover, the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . ." U.S. Const. amend. IV. These constitutional protections hinge on the occurrence of a "search." *See Kyllo v. United States,* 533 U.S. 27, 32 (2001) (discussing "when a search is not a search"). There is nothing about the disclosure of the name of Plaintiff's visitor to Defendant Hofman that could be described as a "search."

Furthermore, even if Defendant Lyons' disclosure could be seen as a search generally, it cannot be considered a search for Fourth Amendment purposes. A search is defined in terms of a person's "reasonable expectation of privacy." *Widgren v. Maple Grove Tp.,* 429 F.3d 575, 578 (6th Cir. 2005). For the Fourth Amendment protections to apply, the individual must have a subjective expectation of privacy in the object of the challenged search, and society must be willing to recognize that expectation as reasonable. *California v. Ciraolo,* 476 U.S. 207, 211 (1986).

In this case, there is certainly no legitimate expectation of privacy in the identity of one's visitors while in jail. Indeed, an inmate does not even have a legitimate expectation of privacy in telephone calls made from within the jail to individuals other than his attorney. *See U.S. v. Adams*, 321 F. App'x 449, 462 (6th Cir. 2009) (finding inmate had no reasonable expectation of privacy in out-going telephone call); *Smith v. Bradley*, No. 94–5351, 1995 WL 241996, at *4 (6th Cir. April 25, 1995) (holding that if security concerns can justify strip and body-cavity searches, and wholly random cell searches, then it is reasonable to monitor prisoners' telephone conversations). Therefore, for each of the foregoing reasons, Plaintiff cannot maintain a Fourth Amendment claim against Defendant Lyons, and the Court will dismiss Plaintiff's Fourth Amendment claims for failure to state a claim.

## 2. Eighth and Fourteenth Amendment Claims

Plaintiff also contends that Defendant Lyons violated his Eighth and Fourteenth Amendment rights. (Am. Compl., ECF No. 5, PageID.18.) Plaintiff is probationer held in the custody of the Kent County Correctional Facility.[2] Courts are split on whether an individual being held for a suspected parole or probation violation is to be treated as a pretrial detainee or a convicted prisoner. *See Green v. Taylor*, 1:22-cv-1007, 2023 WL 415502, at *4 (W.D. Mich. Jan. 26, 2023) ("The issue of whether a person confined during the pendency of probation violation proceedings should be treated as a pretrial detainee or a convicted prisoner for purposes of a constitutional challenge to jail conditions is an issue upon which courts have differed.") (collecting cases). Which means that it is unclear whether Plaintiff's claims should be judged according to an Eighth or Fourteenth Amendment standard.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at

---

[2] *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=800786 (last visited Sept. 22, 2025).

35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

While the Eighth Amendment limitation applies to "punishments," a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote and citations omitted). When a claim of deliberate indifference "is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (internal quotation marks and citations omitted). Under the Fourteenth Amendment, "'[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citation and quotation marks omitted).

Here, regardless of the standard applied, Plaintiff has not stated a constitutional claim. There is nothing to indicate that the voluntary termination of a relationship by Plaintiff's significant other is the type of harm that the Constitution was intended to protect against. Moreover, Plaintiff has not pointed to any facts that would suggest that Defendant Lyons, in disclosing the name of a visitor to his own defense attorney, was or should have been aware that the name of Plaintiff's girlfriend would be disclosed to Inmate Henderson, much less that anyone should have been aware the disclosure would lead Plaintiff's girlfriend to choose to terminate her

relationship with Plaintiff. In fact, Plaintiff does not describe how the information about Plaintiff's visitor reached Inmate Henderson from Defendant Sharma's disclosure to "correctional."

Therefore, for each of the foregoing reasons, the Court will dismiss Plaintiff's Eighth and Fourteenth Amendment claims for failure to state a claim.

### C. Claims Based Upon Actions of Non-Party Sergeants

Plaintiff alleges that "multiple sergeants staged a shakedown" to seize evidence, preventing the evidence from being "presented to the courts." (Am. Compl., ECF No. 5, PageID.18.) However, Plaintiff does not identify any individual, let alone any named Defendant, responsible for these actions.

As with any § 1983 claim, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 676. Thus, it remains Plaintiff's obligation to attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544. Plaintiff does not allege any facts that would plausibly suggest that any of the named Defendants were personally involved the actions involving the non-party "multiple sergeants." Accordingly, the Court will dismiss any claims concerning the shakedown, seizure of evidence, and actions preventing evidence from being presented to the courts.

### D. Claims Under Michigan Constitution

Plaintiff also brings claims for violation of the Michigan Constitution, namely Article II, Sections Eleven, Sixteen, and Seventeen. However, there is no judicially inferred cause of action for damages against municipalities or municipal government employees under the Michigan Constitution. *See Jones v. Powell,* 612 N.W.2d 423, 426 (Mich. 2000). Accordingly, the Court will dismiss Plaintiff's state law claims for failure to state a claim.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:   September 26, 2025                          /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge